Samuel R. Miller (SBN 066871)
Nicole M. Ryan (SBN 175980)
Cecilia Y. Chan (SBN 240971)
srmiller@sidley.com
nicole.ryan@sidley.com
cecilia.chan@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California  94104
Telephone:   (415) 772-1200
Facsimile:   (415) 772-7400

Attorneys for Defendant
STEWART TITLE GUARANTY COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

BANK OF SACRAMENTO,
a California Corporation,

                Plaintiff,

vs.

STEWART TITLE GUARANTY COMPANY,
a Texas Corporation,

                Defendant.

No. 2:09-cv-00771 JAM KJM

**STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL DOCUMENTS AND INFORMATION**

STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CASE NO. 2:09-cv-00771 JAM KJM

PDF created with pdfFactory trial version www.pdffactory.com

WHEREAS documents, information, and other materials may be furnished or disclosed in the above-captioned case which contain or constitute confidential, proprietary, or private information for which special protection from public disclosure—and from use for any purpose other than conducting the above-captioned case—will be warranted;

The parties hereto agree to and petition this Court to enter the following Stipulated Protective Order:

## I.   SCOPE

This Stipulated Protective Order shall be applicable to and govern documents, information, and other materials produced or furnished during the course of the above-captioned case pursuant to the Federal Rules of Civil Procedure ("FRCP"), or otherwise, including, without limitation, documents produced in response to requests for production, answers to interrogatories, responses to requests for admissions, depositions, subpoenas, and other discovery taken pursuant to the FRCP, as well as pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence, and all other information produced or furnished by or on behalf of any party or non-party hereto, to the extent that the aforesaid contain Confidential Information as defined below.  The protections conferred by this Stipulated Protective Order cover not only Confidential Information as defined below, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or Counsel in Court or in other settings that might reveal the Confidential Information.

## II.   DEFINITIONS

A.   "Action" shall refer to the above-captioned case, *Bank of Sacramento v. Stewart Title Guaranty Company*, Case No. 2:09-cv-00771 JAM KJM, including any appeals.

B.   "Affected Party" shall mean a party to the Action, or any non-party, who claims an interest in maintaining the material produced by another party as "Confidential Information."

C.   "Confidential Information" shall mean confidential business, trade, financial, technical, personal, or private information (regardless of how generated, stored, or maintained) that (i) is not generally known, (ii) the Furnishing Party would not normally disclose to third parties, or

2
STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CASE NO. 2:09-cv-00771 JAM KJM

PDF created with pdfFactory trial version www.pdffactory.com

would cause or require third parties to maintain in confidence, and (iii) is designated as such by the Furnishing Party pursuant to Section III hereof or by an Affected Party claiming an interest in maintaining the material as "Confidential Information."

      D.     "Counsel" shall mean "In-House Counsel" and "Outside Counsel," as defined herein, collectively.

      E.     "Furnishing Party" shall mean a party to the Action, or any non-party, on behalf of which documents, things, or information are furnished or produced during the course of the Action, whether voluntarily or in response to requests or subpoenas for production of documents, interrogatories, requests for admissions, depositions, or any other request for discovery, or in the form of pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence, or other forms of information produced or furnished by or on behalf of such a party or non-party.

      F.     "In-House Counsel" shall mean attorneys who are employees of a party, including all secretarial, clerical, and paralegal personnel assisting such attorneys.

      G.     "Outside Counsel" shall mean all attorneys who are not employees of a party, but who are retained to represent or advise a party, including all secretarial, clerical, and paralegal personnel assisting such attorneys.

      H.     "Receiving Party" shall mean a party to the Action to which documents, things, or information are furnished or produced, whether voluntarily or in response to a request for discovery or court order.

      I.     "Technical Advisor" shall mean any person other than Counsel who is employed, retained, or sought to be retained by or on behalf of a party to advise or assist in the preparation or presentation of the party's case in this matter, including but not limited to expert witnesses and consultants, and all secretarial and clerical personnel assisting such persons.

**III.   DESIGNATION OF CONFIDENTIAL INFORMATION**

      A.     Documents, information, and other material produced or furnished during the course of the Action—including, without limitation, documents, information, and material produced (i) pursuant to the FRCP, (ii) in response to requests for production of documents, answers to

PDF created with pdfFactory trial version www.pdffactory.com

interrogatories, responses to requests for admissions, or responses to subpoenas, (iii) during depositions, or (iv) in pleadings, briefs, transcripts, declarations, or exhibits—may be designated as containing Confidential Information by placing on each page and each thing to which the designation applies a designation stating "CONFIDENTIAL" or other similar term or terms connoting the desire of the Furnishing Party to designate the document or thing as Confidential Information. With respect to information produced in electronic form, substantially the same designation shall be affixed to the medium on which the information is provided.

An Affected Party may also designate a document produced by another party as Confidential Information by notifying the Furnishing Party and the other party in this Action, in writing within thirty (30) days of production, of the Affected Party's desire to designate the document or thing as Confidential Information. The Affected Party shall place on each page to which the designation applies a designation stating "DESIGNATED CONFIDENTIAL BY _____" and provide a copy of the document containing this label to the Furnishing Party and the other party in this Action. The Furnishing Party and the other party in this Action shall replace the originally produced document with the document containing the confidential designation label provided by the Affected Party.

The "CONFIDENTIAL" designation shall be made by the Furnishing Party or an Affected Party based on its good faith determination that such designation applies.

If a party to the Action desires to designate as Confidential Information a document in the possession of the other party that has not yet been produced, that party may do so by notifying the other party in writing, setting forth a clear description of the document. Upon receipt of this notice, both parties shall comply with the provisions of Section V below regarding the use of Confidential Information. Nothing in this paragraph, however, shall preclude any party from challenging the "CONFIDENTIAL" designation pursuant to Section VII below.

B.  If the Furnishing Party makes original documents or other material available for inspection and copying, it shall have the option to require that such documents and things or portions thereof be treated as Confidential Information during inspection and to make its designations of particular documents and things pursuant to paragraph A of this Section at the time copies of

PDF created with pdfFactory trial version www.pdffactory.com

documents and any other materials are produced or furnished.

C. For information presented orally at deposition, the designation may be made on the record through the Furnishing Party's or an Affected Party's request that specific information in response to questions be designated by the deposition reporter as "Confidential Information." For information presented at a Court hearing or at trial, the submitting party shall comply with the provisions of Section V below regarding treatment of Confidential Information at Court hearings or at trial. Any Receiving Party may contest the designation pursuant to Section VII below. Furthermore, each transcript of a deposition session of a witness shall be considered Confidential Information under this Stipulated Protective Order for thirty (30) days after receipt of the deposition transcript by the Furnishing Party or Affected Party to permit the Furnishing Party or Affected Party to review the transcript and designate any information disclosed therein as Confidential Information. Thereafter, the transcript will no longer be deemed Confidential Information for purposes of the applicable Stipulated Protective Order, except to the extent so designated at the deposition or in a written notice transmitted to all parties within such period of thirty (30) days. Where any portion of a transcript is designated as Confidential Information the parties shall, where practicable, inform the reporter precisely which portions of the transcript should be marked accordingly.

**IV.   DISCLOSURE OF CONFIDENTIAL INFORMATION**

A. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

B. Except as provided under paragraph C of this Section IV, a Receiving Party may disclose materials designated "Confidential Information" only to:

    1. The Receiving Party's Outside Counsel in this Action;
    2. Officers, directors, or employees, including In-House Counsel, of the Receiving Party to whom disclosure is reasonably necessary for this Action;
    3. Technical Advisors of the Receiving Party, provided the Receiving Party has given the Technical Advisors a copy of the Stipulated Protective Order and advised them of its terms;

PDF created with pdfFactory trial version www.pdffactory.com

        4.     Independent contractors engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing, or retrieving data, documents, or other information, or designing programs for handling data connected with this Action;

        5.     The Court and members of the staff of the Court whose functions, as provided by the Local Rules, necessitate access to the Confidential Information; and

        6.     Qualified court reporters taking testimony in this Action, and necessary stenographic and clerical personnel thereof.

    C.     No person to whom Confidential Information has been provided pursuant to the provisions of this Stipulated Protective Order may disclose such Confidential Information to any persons not included in paragraph B of this Section IV, except pursuant to a Court order or as permitted in writing by the Furnishing Party.

## V. USE OF CONFIDENTIAL INFORMATION

    A.     Confidential Information that is disclosed or produced by a Furnishing Party shall be used solely for the purpose of conducting this Action and for no other purpose whatsoever.

    B.     The following procedures shall govern the filing of material containing Confidential Information with the Court:

        1.     If the Furnishing Party seeks to file with the Court, or seeks to use at trial or any hearing in this matter, materials designated as Confidential Information only by itself, that party may, at its discretion, request to file the document under seal in compliance with the procedures and requirements specified in Rule 39-141 of the Local Rules for the Eastern District of California, or alternatively, file the document without a request to seal.

        2.     If a party seeks to file with the Court materials designated as Confidential Information by anyone other than itself, that party shall not file the document in the public record, but shall lodge the materials with the Court under seal. Any affected party may then file a motion to seal, pursuant to Local Rule 39-141, within ten (10) court days after such lodging. All such materials shall be

6

STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CASE NO. 2:09-cv-00771 JAM KJM

PDF created with pdfFactory trial version www.pdffactory.com

accepted by the Clerk of the Court for lodging and shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further Order of the Court pursuant to Local Rule 39-141. Where possible, only portions of the filings containing the Confidential Information shall be lodged under seal.  If no motion to seal is filed within ten (10) court days of the initial filing, the submitting party shall file a proposed order to unseal documents after the ten day period has expired.

C. Should the need arise during the trial or any hearing in open Court for a party to cause the Confidential Information of another party to be disclosed, it may do so only after appropriate in camera or other safeguards are requested of the Court, such as closing the courtroom or excluding persons not subject to this Protective Order, as permitted by the FRCP and the Local Rules.

D. All persons receiving Confidential Information (1) shall maintain all documents and things containing Confidential Information in a secure place that is reasonably inaccessible to anyone other than those persons authorized under this Stipulated Protective Order to receive such information; and (2) shall take reasonable steps to ensure that such information is not disclosed to such other persons.

E. Confidential Information shall not be copied or reproduced for use in this Action except to the extent such copying or reproduction is reasonably necessary to the conduct of this Action, and all such copies and reproductions shall be subject to the terms of this Stipulated Protective Order.

F. If a witness is shown documents or other materials containing Confidential Information during deposition or at trial, the witness shall not be permitted to retain any such documents or things or any copies thereof (except for the purpose of reviewing the transcript of his or her deposition in connection with its correction or execution), unless the witness is otherwise authorized under Section IV to receive such information.

G. In the event of an inadvertent disclosure of Confidential Information of another party, the party making the inadvertent disclosure shall, upon learning of the disclosure:

PDF created with pdfFactory trial version www.pdffactory.com

        1.      immediately notify the person or entity to whom the disclosure was made that it contains Confidential Information subject to this Stipulated Protective Order;

        2.      immediately make all reasonable efforts to preclude further dissemination or use by the person or entity to whom disclosure was inadvertently made; and

        3.      immediately notify the Furnishing Party of the identity of the person(s) or entity to whom disclosure was inadvertently made, the circumstances of the disclosure, and the steps taken to prevent the dissemination or use of the Confidential Information.

Nothing in this Stipulated Protective Order shall be construed to require sanctions or punishment for any inadvertent disclosure of such information designated as Confidential Information.

    H.    In the event any person or party having possession, custody or control of Confidential Information receives a subpoena or other process or order to produce such information in another proceeding, such person or party shall notify in writing, within ten (10) court days, the Furnishing Party's or an Affected Party's Outside Counsel of the materials sought by such subpoena or other process or order, shall provide the Furnishing Party's or the Affected Party's Outside Counsel with a copy of said subpoena or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the Furnishing Party or Affected Party.  The Furnishing Party or Affected Party shall have the burden of defending against such subpoena or process or order.  The person or party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the Furnishing Party or Affected Party seeks to obtain an order or agreement modifying or quashing it.

## VI.    INADVERTENT FAILURE TO DESIGNATE AND INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS

    A.    Inadvertent failure to designate documents or other information as Confidential Information at the time of production may be remedied by supplemental written notice.  If such notice is given, the identified materials shall thereafter be fully subject to this Stipulated Protective

PDF created with pdfFactory trial version www.pdffactory.com

Order as if they initially had been designated as Confidential Information. The Furnishing Party's inadvertent or unintentional disclosure of Confidential Information, without the confidentiality designation, shall not be deemed a waiver in whole or in part of its claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or related subject matter.

   B.   Any such inadvertently or unintentionally disclosed Confidential Information shall be designated as soon as reasonably possible after the Furnishing Party becomes aware of the inadvertent or unintentional disclosure. Counsel for the Receiving Parties shall thereafter:

   1. use reasonable efforts to retrieve all such particular documents, things, or information and all copies thereof from any persons not authorized by this Order to receive such materials;

   2. mark the particular documents, things, or information, and all copies thereof, with the appropriate legend as set forth in Section III.A hereof, provided, however, that if said marking shall require substantial effort on the part of the Receiving Party, it may immediately notify the Furnishing Party and permit it to so mark said inadvertently or unintentionally disclosed Confidential Information; and

   3. treat the document, thing, or information, all copies thereof, and any notes or other documents incorporating such information in accordance with the designation.

   C.   Inadvertent production of any document produced in this Action by a party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection. A party or non-party may request the return of any Inadvertently Produced Privileged Document by identifying the document and stating the basis for withholding such document from production. If a party or non-party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the

9

STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CASE NO. 2:09-cv-00771 JAM KJM

PDF created with pdfFactory trial version www.pdffactory.com

possessing parties shall within five (5) court days destroy or return to the requesting party or non-party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material information solely derived from the Inadvertently Produced Privileged Document.  After a document is destroyed or returned pursuant to this paragraph, a party may move the Court for an order compelling production of the document, but said party may not assert as a ground for the entering of such an order the fact or circumstances of the inadvertent production.  Nothing in this Order shall preclude a party from arguing that the production of the allegedly Inadvertently Produced Privileged Document was not inadvertent or that conduct since production of the allegedly Inadvertently Produced Privileged Document constitutes a waiver.

## VII. CHALLENGES TO DESIGNATION

A. If any dispute arises concerning whether information designated by the Furnishing Party or an Affected Party should in fact be considered Confidential Information for the purposes of this Stipulated Protective Order, the parties shall try first to resolve such dispute by meeting and conferring in good faith.  If the dispute cannot be so resolved, the party challenging the designation may, not earlier than five (5) court days after providing written notice to the Furnishing Party or Affected Party, file a motion with the Court, seeking a determination that the information was not properly designated.  The party designating the information as Confidential Information bears the burden of establishing the confidentiality of such information.  Prior to the determination of such motion, the disputed information shall be treated by the parties as though it were properly designated.

B. Nothing contained herein shall constitute an admission by any party that any information designated by another person or entity as Confidential Information is in fact confidential information.

## VIII. CONCLUSION OF ACTION

A. Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until the Furnishing Party agrees otherwise in writing or a court order otherwise directs.

B. No later than sixty (60) days after the final termination of the Action, including the

PDF created with pdfFactory trial version www.pdffactory.com

exhaustion of any appeals and cross-appeals, each person or party subject to the terms of this Stipulated Protective Order shall, upon written request of the Furnishing Party, either (1) return all Confidential Information to the Furnishing Party (except to the extent such designated information is maintained on electronic media, and cannot be returned, in which case such designated information shall be erased or otherwise destroyed), or (2) destroy all Confidential Information produced by the Furnishing Party.  Any such destruction of any Confidential Information shall be confirmed in writing within such period of sixty (60) days by the party destroying such documents.  Nothing herein shall obligate any person or party to destroy (i) attorney work product, including, without limitation, attorney notes or memoranda; (ii) any transcript of any deposition, hearing, or trial proceeding; or (iii) any pleading or paper served on another party or filed with the Court in the Action.

      C.    This Court shall retain jurisdiction over the Action, following its termination (whether by judgment, settlement, or otherwise) for the purpose of enforcing this Protective Order.

## IX. AMENDMENTS AND MODIFICATIONS

      A.    This Stipulated Protective Order may be amended by agreement of Counsel for the parties to this stipulation and approval of the Court in the form of a subsequent stipulation that shall be filed with the Court.  Any party may, on motion and for good cause shown, apply to the Court for modification of this Stipulated Protective Order.

      B.    This Stipulated Protective Order shall become effective immediately upon its approval by the Court.  Prior to approval by the Court, the Stipulated Protective Order shall nevertheless be binding on the signatories once it has been executed.

      C.    Nothing in this Stipulated Protective Order is intended to or does preclude the entry of additional protective orders in the Action, if such additional protective orders are necessary.

## X. MISCELLANEOUS

      A.    The parties shall serve a copy of this Order simultaneously with any discovery request made to a non-party in this Action.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CASE NO. 2:09-cv-00771 JAM KJM

PDF created with pdfFactory trial version www.pdffactory.com

1  IT IS SO STIPULATED.

2

3  DATED:  May 17, 2010                              SIDLEY AUSTIN LLP

4

5
                                                     /s/ Cecilia Y. Chan
6                                                    SAMUEL R. MILLER
                                                     NICOLE M. RYAN
7                                                    CECILIA Y. CHAN

8
                                                     Attorneys for Defendant,
9                                                    STEWART TITLE GUARANTY COMPANY

10

11
   DATED:  May 14, 2010                              BOUTIN GIBSON DI GIUSTO HODELL INC.
12

13

14
                                                     /s/ Michael E. Chase (as authorized on May 14, 2010
15                                                   DOUGLAS M. HODELL
                                                     MICHAEL E. CHASE
16
                                                     and
17
                                                     THE LAW OFFICES OF ANDRE HASSID
18
                                                     Attorneys for Plaintiff,
19                                                   BANK OF SACRAMENTO

20

21

22

23

24

25

26

27

28

12
STIPULATION AND [PROPOSED] PROTECTIVE ORDER; CASE NO. 2:09-cv-00771 JAM KJM

PDF created with pdfFactory trial version www.pdffactory.com

## **ORDER**

Based upon the foregoing Stipulated Protective Order, and good cause appearing therefore, the parties' Stipulated Protective Order is hereby APPROVED and ADOPTED as the Order of this Court.

                                              IT IS SO ORDERED:

DATED: May 17, 2010                      /s/ John A. Mendez
                                                      The Honorable John A. Mendez
                                                        United States District Judge

PDF created with pdfFactory trial version www.pdffactory.com